**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | Case No. _____ |
| | ) | |
| v. | ) | |
| | ) | |
| QUINNIPIAC UNIVERSITY, TERRI JOHNSON, AND SEANN KALAGHER, | ) ) | |
| | ) | |
| Defendants. | ) | March 2, 2017 |

**MEMORANDUM IN SUPPORT OF MOTION**
**TO PROCEED UNDER PSEUDONYM**

Plaintiff John Doe ("Plaintiff"), by his attorneys, seeks authorization to file the Complaint in the above-captioned matter as a pseudonymous Plaintiff. In light of the sensitive and highly personal nature of the factual averments contained in the Complaint, Plaintiff is justifiably concerned that disclosure of his identity will unduly embarrass him and hamper his future educational and career aspirations. Thus, Plaintiff would be forced to endure further damages beyond those already inflicted by the Defendants and his accusers. Plaintiff is prepared to provide a statement of his true identity under seal. Plaintiff also seeks authorization to file the Complaint in the above-captioned matter using pseudonyms for the complainants for the same reasons.

**STATEMENT OF FACTS**

During the events described in the Complaint, the Plaintiff was a student at Quinnipiac University ("Quinnipiac") and resided on campus. The Complaint seeks redress for Quinnipiac's breaches of contract and violation of Title IX arising out of the investigation of disciplinary complaints related to the Plaintiff's interaction with two women. The Complaint, by necessity,

references private medical information, and personal text messages between the Plaintiff and his accusers. It also recounts information about Plaintiff's history regarding his adoption and disabilities.

## ARGUMENT

While parties to a lawsuit are usually required to proceed under their real names, *see, e.g., Fed. R. Civ. P. 10(a)*, federal courts have permitted parties to proceed anonymously when special circumstances arise. *See generally, John Doe v. Blue Cross & Blue Shield*, 794 F. Supp. 72 (D.R.I. 1992). In that case, the court permitted a transsexual plaintiff to use a fictitious name. In so doing, he stated that "[p]eople may have a right not to disclose their sexual histories and preferences, and a strong interest in nondisclosure." *Id.* at 73 n.1.

Courts allow the use of pseudonyms "[w]here it is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment …." *United States v. Doe*, 655 F.2d 920, 922 (9th Cir. 1977), citing *United States. v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977). "'Where the issues involved are matters of a sensitive and highly personal nature,' such as birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families, the normal practice of disclosing the parties' identities yields 'to a policy of protecting privacy in a very private matter.'" *Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 99 F.2d 707, 712-713 (5th Cir. 1979), quoting *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D. Mont. 1974).

Generally, courts "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F. 3d 1058, 1068 (9th Cir. 2000). This balancing test generally allows plaintiffs to use pseudonyms in three situations, one of which is:

"when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature:" *Id.*  For this reason, district courts routinely allow the use of pseudonyms in cases involving collegiate disciplinary proceedings.  *See, e.g., .Doe v. Colgate University*, 2016 WL 1448829 at \*\* 3-4 (N.D.N.Y. April 12, 2016) ("[T]he the Court takes note that courts across the country have allowed plaintiffs alleging similar claims against colleges and universities stemming from investigations of sexual assault to proceed anonymously. …[P]articularly in the context of investigating allegations of sexual assault on college campuses, it is imperative that the rights of all parties involved be thoroughly protected in order to properly adjudicate these claims.").

## CONCLUSION

In light of the nature of the disclosures in the Complaint, Plaintiff should be permitted to protect his identity, and the identities of his accusers, by using pseudonyms. Plaintiff is prepared to address measures to protect the confidentiality of his identity should the Court require disclosure to the public at a later stage in the proceedings.

        PLAINTIFF
        JOHN DOE


By:    /s/  Felice M. Duffy
       Felice M. Duffy

       Duffy Law, LLC
       770 Chapel Street, Suite 4F
       New Haven, CT 06510
       (203)946-2000 phone
       (203)907-1383 fax
       felice@duffylawct.com
       Federal Bar No.:  ct21379

       Douglas J. Varga
       Lucas & Varga LLC

          2425 Post Road, Suite 200  
          Southport, CT 06890  
          (203) 227-8400 phone  
          (203) 227-8402 fax  
          dvarga@lucasvargalaw.com  
          Federal Bar No.: ct18885

His Attorneys

**CERTIFICATION**

THIS IS TO CERTIFY that on March 2, 2017, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

      /s/  Felice M. Duffy
      Felice M. Duffy (ct21379)