UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE, ) | Civil Action |
| ) | No. 3:17-cv-00364-JBA |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| QUINNIPIAC UNIVERSITY, TERRI ) | |
| JOHNSON, SEANN KALAGHER, ) | |
| AND VINCENT CONTRUCCI ) | |
| ) | |
| Defendants. ) | MAY 1, 2017 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND**

Pursuant to Fed. R. Civ. P. 15(a) and District of Connecticut Local Rules 7(a) and 7(f), Plaintiff John Doe respectfully moves for leave to file his Second Amended Complaint. In accordance with Local Rule 7(f), redlined and clean versions of the proposed Second Amended Complaint are attached hereto as Exhibits A and B, respectively.

Plaintiff seeks leave to add certain factual allegations related to Defendant Quinnipiac University's ("QU") disability policies that address QU's obligations under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504"), which QU has promulgated in its Student Handbook and other relevant documents. *See* Ex. A, ¶¶ 15, 19, 199, 202, 204, 206. Pursuant to Local Rule 7(f), counsel for Plaintiff consulted with counsel for Defendants, and Defendants have no objection to these amendments.

Second, Plaintiff also proposes to add two new counts: Count Eleven (negligence) and Count Twelve (reckless and wanton misconduct) (the "Two Proposed

1

Counts"). *See* Ex. A, ¶¶ 237-257.  After consultation pursuant to Local Rule 7(f), Defendants object to the Two Proposed Counts solely on the ground of alleged prejudice due to delay.  Defendants raise no objection to the Two Proposed Counts on any other basis.

**Legal Standard**

Leave to amend should be granted over Defendants' objection.  It is well-established that the standard for granting leave to amend under Fed. R. Civ. P. 15(a) is liberal.  "Leave to amend should be 'freely give[n] ... when justice so requires.'  The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting Fed. R. Civ. P. 15(a)(2)).  "Mere delay, . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.  Nor can complaints of 'the time, effort and money . . . expended in litigating the matter,' without more, constitute prejudice sufficient to warrant denial of leave to amend."  *Id.* (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) and *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)).

It is Defendants' burden to establish that they will be prejudiced by the proposed amendment.  *See e.g., Nwachukwu v. Liberty Bank*, 257 F. Supp. 3d 280, 285–86 (D. Conn. 2017) ("The party opposing amendment must show it has been prejudiced by its adversary's delay in seeking leave") (citing *Block v. First Blood Assocs.*, 988 F.2d at 350).

**There Is No Undue Delay or Prejudice**

Defendants cannot establish undue delay, and any delay simply was not prejudicial. The less-than-eight-month delay since Defendants' Answer to the First Amended Complaint (Dk#42, September 11, 2017) does not preclude amendment. *See e.g., Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir.1987) (surveying cases and holding that an 18-month delay between defendants' answer and plaintiff's motion for leave to file an amended pleading did not constitute undue delay); *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384–85 (D. Conn. 2008) (granting leave to amend despite "seven-month delay").

Moreover, adding the Two Proposed Counts will not require any modification of the current scheduling order or in any way delay the trial or other disposition of this lawsuit. The Two Proposed Counts add no new facts; they merely add additional legal theories arising from already-pleaded facts. Defendants, therefore, will not need to expend any additional resources to defend the Two Proposed Counts.

Discovery will not be affected by the proposed amendment. The Court's Scheduling Order directs Defendants to complete written discovery compliance by April 30, 2018. Depositions have not yet commenced, and the window for discovery does not close until September 26, 2018. (Dk#52). Plaintiff's proposed amendment thus will result in no additional discovery obligations for any of the parties, which further supports amendment. *See, e.g., RBC Nice Bearings, Inc. v. Peer Bearing Co.*, No. 3:06CV1380(AHN), 2008 WL 11376620, *6 (D. Conn. Nov. 5, 2008) (granting leave to amend where "new allegations will not require RBC to engage in significant, if any, additional discovery").

Dispositive motions will not be affected by the proposed amendment. Because dispositive motions are not due until October 26,2018, amendment of Plaintiff's pleading is fully warranted. *See, e.g., State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 855-856 (2d Cir. 1981) (three-year delay did not bar amendment where, among other things, motion for summary judgment had yet to be filed); *see also Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 383 (2d Cir.1968) (three-year delay did not bar amendment even with notice of trial readiness).

Defendants cannot plausibly argue prejudice due to unanticipated new claims. Defendants are already on notice of negligence-based claims because the First Amended Complaint included a negligent infliction of emotional distress claim (Count Nine). *See, e.g., Vega v. Sacred Heart Univ., Inc.*, 836 F. Supp. 2d 58, 61 (D. Conn. 2011) ("if the plaintiff cannot prove negligence he or she cannot recover for negligent infliction of emotional distress") (quoting *Zides v. Quinnipiac Univ.*, No. CV20470131S, 2006 WL 463182, *5 (Conn. Super. Feb. 7, 2006)). Nor can Defendants argue that Plaintiffs' proposed negligence count is a "sharp change in litigation strategy after the non-moving party has devoted considerable time and expense to discovery, motion practice, and other proceedings in preparation for trial." *Roller Bearing Co. of Am.*, 570 F. Supp. 2d at 384.

**Conclusion**

Leave to amend should be granted where, as here, Plaintiff proceeds in good faith, the proposed Second Amended Complaint will not prejudice Defendants, and Defendants can raise no valid grounds for denying leave under the applicable standards.

PLAINTIFF
JOHN DOE

By: /s/ *Felice M. Duffy*
Felice M. Duffy (ct21379)
Duffy Law, LLC
770 Chapel Street, Suite 4F
New Haven, CT 06510
Phone: (203) 946-2000
Fax: (203) 907-1383
felice@duffylawct.com

Douglas J. Varga (ct18885)
Lucas & Varga LLC
2425 Post Road, Suite 200
Southport, CT 06890
Phone:  (203) 227-8400
Fax:  (203) 227-8402
dvarga@lucasvargalaw.com

His Attorneys

## **CERTIFICATION**

     I hereby certify that on May 1, 2018, a copy of the foregoing Motion for Leave to File Second Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

By:   /s/ *Felice M. Duffy*
         Felice M. Duffy