**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 3:17-cv-00364-JBA |
| | ) | |
| v. | ) | |
| | ) | |
| QUINNIPIAC UNIVERSITY, TERRI | ) | |
| JOHNSON, SEANN KALAGHER, | ) | |
| AND VINCENT CONTRUCCI, | ) | |
| | ) | |
| Defendants. | ) | JUNE 5, 2018 |

**REPLY MEMORANDUM IN FURTHER SUPPORT**
**OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND**

Plaintiff John Doe submits this memorandum in further support of his Motion for

Leave to Amend dated May 1, 2018 (Doc. 54) ("Motion to Amend").

**INTRODUCTION**

Plaintiff seeks to amend his current Amended Complaint by adding additional

factual allegations and two additional claims for relief.  Motion to Amend at 1-2.

Defendants object only to the addition of the new counts.  See Affidavit of Douglas J.

Varga dated June 4, 2018 ("Varga Aff."), attached hereto as Exhibit 1, at ¶ 4 and Ex. A.

**AMENDMENT STANDARD**

Plaintiff's Motion to Amend seeks leave to file his Second Amended Complaint

pursuant to Fed.R.Civ.P. 15.  Plaintiff acknowledges, however, that Fed.R.Civ.P. 16(b)

applies pursuant to Kassner v. 2nd Ave. Deli. Inc., 496 F.3d 229 (2d Cir. 2007); the

Court, therefore, must assess whether there is "good cause" for the amendment

because it falls outside the previously-set deadline to amend the operative Amended

1

Complaint. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Thus, the Court must consider whether Plaintiff has acted with "diligence" and whether the amendment would not significantly "prejudice" the Defendants.  Kassner, 496 F.3d at 244 (2d Cir. 2007); see Olaf Sööt Design, LLC v. Daktronics, Inc., 2017 WL 4861994 at * 1 (S.D.N.Y. Oct. 26, 2017) ("Tension between the mandates of Rules 15 and 16 has been noted by courts in this circuit, and fulfilling both requires considering, as relevant here, affording justice to a plaintiff, a plaintiff's good cause and diligence in seeking the amendment, and potential prejudice to the defendant.").

In their opposition, Defendants focus on Plaintiff's alleged lack of diligence in seeking amendment prior to September 26, 2017.  Memorandum in Opposition to Plaintiff's Motion for Leave to Amend his Complaint dated May 22, 2018 (Doc. 56) ("Def. Opp.") at 4-5.  Although diligence is the primary consideration, the Court has broad discretion in permitting amendments of pleadings beyond previously-set deadlines, even if diligence is not established.  See, e.g., Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 176 (S.D.N.Y. 2014) ("[A] district court has discretion to grant a motion to amend even where the moving party has not shown diligence in complying with a deadline for amendments in a Rule 16 scheduling order."); see also Coale v. Metro-North R.R. Co., 2009 WL 4881077, *3 (D. Conn. Dec. 11, 2009) (permitting third-party defendant to file counterclaim in spite of lack of diligence where no prejudice was shown and noting that  "[s]cheduling orders are not the Code of Hammurabi," and that "[r]efusing to consider [the third-party defendant's] counterclaim,

2

at what still amounts to an early stage in this litigation, would be out of proportion to [the third-party defendant's] misdemeanor.").

Plaintiff submits that federal court decisions on this issue demonstrate a clear trend toward allowing amendments where no prejudice is demonstrated even if substantial diligence is not established.    In <u>Verdone v. American Greenfuels, LLC</u>, 2017 WL 3668596 at ** 2-4 (D. Conn. Aug. 24, 2017), for example, Judge Bolden granted leave to amend to add two new claims for relief nearly eight months after the amendment deadline passed and three months prior to the close of discovery.  Other courts have allowed amendments under similar circumstances. <u>See</u>, <u>e.g.</u>, <u>Olaf Sööt Design, LLC v. Daktronics, Inc.</u>, 2017 WL 4861994 at ** 1-3 (S.D.N.Y. Oct. 26, 2017) (allowing amendment 10 months after expiration of scheduling order deadline);  <u>CAC Atlantic, LLC v. Hartford Fire Ins. Co.</u>, 2017 WL 3149340 at ** 2-4 (S.D.N.Y. July 25, 2017) (permitting amendment eight months after expiration of amendment deadline and two months before close of discovery); <u>Kreisler v. P.T.Z. Realty, L.L.C.</u>, 318 F.R.D. 704, 706 (S.D.N.Y. 2016) (granting motion for leave to amend despite no claim of diligence given absence of prejudice to defendant).  These decisions are in keeping with the Second Circuit's recognition in <u>Kassner</u> that, in applying Rule 16(b), a district should consider not only the diligence of the moving party, but also whether amendment would prejudice the opposing party. <u>See</u>  <u>Fresh Del Monte</u>, 304 F.R.D. at 175 ("By requiring the district court to consider and balance factors other than a plaintiff's diligence, the [Second Circuit] left open the possibility that amendments could be permitted even where a plaintiff has not been diligent in seeking an amendment.").

3

## <u>ARGUMENT</u>

**A.    Defendants Did Not Previously Object to Amendment for Failure to Comply with the Scheduling Order**

Plaintiff sought amendment under Rule 15.  Defendants contend that Rule 16(b) instead applies because Plaintiff did not seek this amendment prior to expiration of the September 26, 2017 deadline for amendment of pleadings.  Def. Opp. at 1.  While Plaintiff does not dispute Rule 16(b)'s applicability, Defendant's argument concerning a lack of diligence is not well-taken.

First, in consultation prior to filing of the Motion to Amend, Defendants at no time raised the issue of scheduling order compliance.  Defendants make the following statement in their brief: "After consultation pursuant to Local Rule 7(f), the defendants objected to the two proposed counts on the grounds of undue delay and prejudice."  Def. Opp. at 3.  This statement is misleading at best.  In pre-filing discussions, Defendants' counsel stated that Defendants would object to some of the proposed amendments (<u>i.e.</u>, assertion of two new counts), but only on grounds of purported prejudice.  <u>See</u> Varga Aff. at ¶¶ 4-8.  At no time prior to the filing of the Motion to Amend did the Defendants in any way represent that they would object due to the passage of the deadline for amending pleadings. <u>See</u> Varga Aff. at ¶ 9.   Accordingly, Plaintiff did not consider purported lack of diligence to be an issue (at least from Defendants' standpoint) when he moved to amend and thus did not address the issue in his initial motion and supporting memorandum. <u>Id</u>.

Second, Defendants did not object to additional amendments proposed in April 2018, more than six months after expiration of the scheduling order deadline.  Varga Aff. at ¶ 4 and Ex. A.

It appears that Defendants have raised the issue of diligence only as a matter of convenience and to deflect the Court's attention from their inability to demonstrate any prejudice if the amendment is allowed.


**B.      Plaintiff Has Shown Requisite Diligence Despite Seeking Amendment Beyond the Scheduling Order Deadline**

Plaintiff filed his Motion to Amend on May 1, 2018.  This was little more than seven months following expiration of the September 26, 2017 deadline for amendment established on August 10, 2017 (Doc. 38).

Plaintiff has been diligent in both pleading and discovery practice in this case. Plaintiff's counsel moved to amend the Plaintiff's Amended Complaint to include new claims for negligence and recklessness based both on the conclusion that a trend toward recognition of such claims in the Title IX context has been developing, and the review of documents produced by the Defendants, including, but not limited to email communications between Defendant Quinnipiac University's representatives.  Varga Aff. at ¶ 10.   These documents were not available prior to the expiration of the deadline for amendments on September 26, 2017.  The delay in filing the motion itself is attributable in large part to the difficulty counsel encountered in accessing documents produced by Defendants (estimated to exceed 20,000 pages), id. at ¶ 10, as well as the delay in determining Defendants' position on the amendment.  Id. at ¶¶ 3-9.

**C.    Defendants Will Not be Prejudiced by the Proposed Amendment**

Prejudice for pleading amendment purposes has been defined in the following

terms:

> "In gauging prejudice," a court considers, "among other factors, whether
> an amendment would require the opponent to expend significant
> additional resources to conduct discovery and prepare for trial or
> significantly delay the resolution of the dispute."  Obviously, "[u]ndue
> prejudice arises when an amendment comes on the eve of trial and would
> result in new problems of proof."  Nonetheless, "allegations that an
> amendment will require the expenditure of additional time, effort, or money
> do not themselves constitute undue prejudice."  Therefore, "the fact that
> the opposing party will have to undertake additional discovery, standing
> alone, does not suffice to warrant denial of a motion to amend a pleading."

Fresh Del Monte Produce, Inc. v. Del Monte Foods, Inc., 304 F.R.D. 170, 174 (S.D.N.Y.

2014) (citations omitted).  The Second Circuit has stated the following test for

establishing prejudice in response to a request to amend a pleading to add a new claim

for relief:

> In determining what constitutes "prejudice," we consider whether the
> assertion of the new claim would: (i) require the opponent to expend
> significant additional resources to conduct discovery and prepare for trial;
> (ii) significantly delay the resolution of the dispute; or (iii) prevent the
> plaintiff from bringing a timely action in another jurisdiction.

Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993).

Plaintiff addressed the lack of prejudice to Defendants in his initial memorandum.

See Plaintiff's Memorandum in Support of Motion for Leave to Amend dated May 1,

2018 (Doc. 55) ("Pl. Mem.") at 3-4. Defendants attempt to articulate a basis for finding

prejudice if the court allows the requested amendment, but words fail them. See Def.

Opp. at 6-7. The closest they come is claiming that they may have to engage in

additional discovery, but that is not sufficient.  Potentially having to conduct additional

discovery, "standing alone, does not suffice to warrant denial of a motion to amend a

6

pleading." Fresh Del Monte Produce, Inc., 304 F.R.D. at 174 (quoting United States ex rel. Maritime Administration v. Continental Illinois National Bank & Trust Co. of Chicago, 889 F.2d 1248, 1255 (2d Cir. 1989)).

Moreover, courts have noted that foreclosing amendments such as those requested here run afoul of the goal of "promot[ing] judicial economy by making it possible to dispose of all contentions between parties in one lawsuit." Kreisler v. P.T.Z. Realty, L.L.C., 318 F.R.D. 704, 706 (S.D.N.Y. 2016) (internal citations omitted); see Fresh Del Monte Produce, Inc., 304 F.R.D. at 177 ("[A]ny additional possible burdens created by the new claims must be viewed against the alternative of having DMFI file a separate lawsuit raising these claims. Such a lawsuit would be between the identical parties raising issues under the same license agreement and would certainly involve duplication of effort—for example, of depositions of key actors from both companies. The delay that may be occasioned by the additional discovery on the proposed new counterclaim allegations will be relatively minor given that fact depositions, expert witness discovery, summary judgment motions, and a trial have yet to occur."). The parties (and the court) in effect would be prejudiced if the denial of the requested amendment required the filing of a separate action.

Finally, Plaintiff notes that he filed his Motion to Amend (a) before any depositions were conducted in the case; (b) nearly three months before the close of fact witness depositions (June 29, 2018); (c) nearly five months before the close of discovery (September 26, 2018); (d) nearly six months before the dispositive motion deadline (October 26, 2018); (e) nearly 12 months before the trial ready date (April 30, 2019); and (f) one day after the deadline for Defendants' deadline for providing

7

supplemental compliance with document production requests (April 30, 2018).  The procedural status of this case supports the granting of Plaintiff's Motion to Amend. Under similar circumstances, the court in <u>Portz v. St. Cloud State University</u>, 2017 WL 3332220 (D. Minn. Aug. 4, 2017), granted the Title IX plaintiffs leave to amend their complaint to add two new claims for relief "four months before the close of discovery; six months before the deadline for dispositive motions; eight months before the trial-ready date; and just over two weeks after receiving significant discovery, which Plaintiffs contend gave them reason to believe the new claims were viable."  <u>Id</u>. at * 4.

Plaintiff respectfully submits that he has shown requisite diligence under Rule 16(b) and that Defendants will not be prejudiced if the proposed amendments are allowed.  As Defendants have offered no good reason to preclude deny the proposed amendment, Plaintiff's Motion to Amend should be granted.


## **CONCLUSION**

For the reasons set forth above and in his prior Memorandum in support of his Motion to Amend, Plaintiff John Doe respectfully moves this Court for leave to file his Second Amended Complaint.

PLAINTIFF
JOHN DOE

By:  /s/ Douglas J. Varga
        Douglas J. Varga (ct18885)

        Lucas & Varga LLC
        2425 Post Road, Suite 200
        Southport, CT 06890
        Phone:  (203) 227-8400
        Fax:  (203) 227-8402
        dvarga@lucasvargalaw.com

        and

        Felice M. Duffy (ct21379)
        Duffy Law, LLC
        129 Church Street, Suite 310
        New Haven, CT 06510
        Phone:  (203) 946-2000
        Fax:  (203) 907-1383
        felice@duffylawct.com

His Attorneys

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| JOHN DOE, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | No. 3:17-cv-00364-JBA |
| | ) | |
| v. | ) | |
| | ) | |
| QUINNIPIAC UNIVERSITY, TERRI | ) | |
| JOHNSON, SEANN KALAGHER, | ) | |
| AND VINCENT CONTRUCCI, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF DOUGLAS J. VARGA

I, Douglas J. Varga, being duly sworn on oath, depose and state as follows:

1.      I am over the age of 18 and understand the obligations of an oath.

2.      I am one of the attorneys for the Plaintiff, John Doe.  Attorney Felice Duffy also represents the Plaintiff in this action.  I submit this Affidavit in support of Plaintiff's Motion for Leave to Amend dated May 1, 2018.

3.      On April 6, 2018, Attorney Duffy forwarded a copy of Plaintiff's proposed Second Amended Complaint to Defendants' counsel, Lynn McCormick.  A true and correct copy of Attorney Duffy's  April 6, 2018 email is attached hereto as Exhibit A.

4.      On April 11, 2018, Attorney McCormick stated: "Quinnipiac will consent to adding paragraphs to the amended complaint regarding the Quinnipiac ADA policy. However, Quinnipiac will not consent to the plaintiff adding counts for negligence and recklessness."  See Exhibit A.

1

5.      On April 18, 2018, Attorney Duffy and I spoke with Attorney McCormick regarding various discovery issues and Defendants' position on Plaintiff's proposed Second Amended Complaint.  At that time, Attorney McCormick stated that Defendants would object to the inclusion on new claims for relief in the proposed Second Amended Complaint solely on grounds of prejudice.

6.      On April 20, 2018, Attorney Duffy sent an email to Attorney McCormick confirming Defendants' stated objection to the proposed two new counts (negligence and recklessness) based on alleged undue prejudice.  Attorney Duffy further confirmed that Defendants had no other objection to the proposed amendment.  Attorney Duffy provided caselaw supporting Plaintiff's position that Defendants would not be prejudiced by the amendment, following which she stated: "Based on this established law, we ask that you reconsider whether an objection to the two new counts in the proposed Second Amended Complaint on grounds of prejudice would be appropriate.  We'd prefer to avoid troubling the court with a contested motion if possible, so if you have any contrary authority that you think supports a claim of prejudice for the proposed amendment, please let us know."  A true and correct copy of Attorney Duffy's April 20, 2018 email is attached hereto as Exhibit B.

7.      On April 23, 2018, Ms. Duffy and I exchanged emails with Attorney McCormick regarding the Defendants' position on the proposed amendment.  I asked Attorney McCormick: "If your objection to an amendment is based on a claim of prejudice, as you stated earlier, please send us authority to support your position.  We'd be happy to consider it as it may allow us to avoid motion practice."  A true and correct

copy of the April 23, 2018 email exchange among counsel is attached hereto as Exhibit C.

8.      On April 25, 2018, I again asked Attorney McCormick to share authority for Defendants' claim of prejudice. Attorney McCormick declined to do so and instead suggested that we move forward on our motion for leave to amend. <u>See</u> Exhibit C.

9.      At no time prior to the filing of our Motion to Amend on May 1, 2018 did the Defendants in any way indicate that they would object to our proposed amendment to add negligence and recklessness claims based on the expiration of the deadline for amending pleadings.  In fact, we had no reason to believe this was an issue because Defendants consented to other amendments in the proposed Second Amended Complaint.

10.      Attorney Duffy and I decided to move to amend the Plaintiff's Amended Complaint to include new claims for negligence and recklessness because of what we perceived to be a clear trend toward recognition of such claims in the Title IX context and based on our review of documents produced by the Defendants, including, but not limited to email communications between Defendant Quinnipiac University's representatives.  Accessing and organizing these documents in a useful format has been extremely difficult as a result of the manner in which they were produced.  Our best estimate is that the Defendants have produced approximately 20,000 pages of documents; however, to date we have not been able to ascertain a specific number as many of the documents produced are not Bates-numbered, and many others bear duplicative Bates numbers.

11.     The first deposition in this matter is set to proceed on June 5, 2018.

_____
Douglas J. Varga

Subscribed and sworn to
before me this 4th day
of June, 2018.

_____
Notary Public

My Commission expires: _____

Bonnie K. Ford-Wojna
Notary Public-Connecticut
My Commission Expires
January 31, 2022

4

**EXHIBIT A**

## Doug Varga

| | |
|---|---|
| **From:** | Lynn McCormick <lmccormick@conwaystoughton.com> |
| **Sent:** | Wednesday, April 11, 2018 9:37 AM |
| **To:** | Felice Duffy |
| **Cc:** | Doug Varga; Donna DeCrescenzo; Matt Conway |
| **Subject:** | RE: QU Second Amended Complaint |

Hi Felice,

As previously agreed upon, Quinnipiac will consent to adding paragraphs to the amended complaint regarding the Quinnipiac ADA policy.  However, Quinnipiac will not consent to the plaintiff adding counts for negligence and recklessness.

Thank you,



**Lynn McCormick**
Conway Stoughton LLC
641 Farmington Avenue, Hartford, CT 06105
p. 860.523.8000, Ext. 323
www.conwaystoughton.com

We have moved! Please note our new address above.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Felice Duffy <Felice@duffylawct.com>
**Sent:** Friday, April 6, 2018 12:30 PM
**To:** Lynn McCormick <lmccormick@conwaystoughton.com>
**Cc:** Doug Varga <dvarga@lucasvargalaw.com>; Donna DeCrescenzo <Donna@duffylawct.com>
**Subject:** QU Second Amended Complaint

Hi Lynn,

Please see the attached red-lined version of the amended complaint adding paragraphs regarding the QU ADA policy and counts for negligence and recklessness as we had discussed.

Please let us know if you are ok with us filing this and have no objections.  We understand that QU is reserving it rights to file summary judgment on these counts.

Thanks,

Felice

1

**EXHIBIT B**

## Doug Varga

| | |
|---|---|
| **From:** | Felice Duffy <Felice@duffylawct.com> |
| **Sent:** | Friday, April 20, 2018 2:43 PM |
| **To:** | Lynn McCormick; jvizvary@conwaystoughton.com |
| **Cc:** | Donna DeCrescenzo; Doug Varga |
| **Subject:** | QU et al v. John Doe- Request re proposed second amended complaint |

Lynn,

On our phone call on Wednesday, April 18, 2018,  Defendants objected to Plaintiffs proposed two added counts (negligence and reckless and wanton conduct) citing  undue prejudice by the delay. You stated that the Defendants' objection was not based on bad faith or futility.

It is well-established that the standard for granting leave to amend under Fed. R. Civ. P. 15(a) is a liberal one. "Leave to amend should be 'freely give[n] ... when justice so requires.' The rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." *Pasternack v. Shrader*, 863 F.3d 162, 174 (2d Cir. 2017) (quoting Fed. R. Civ. P. 15(a)(2)). "Mere delay, ... absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend.  Nor can complaints of 'the time, effort and money ... expended in litigating the matter,' without more, constitute prejudice sufficient to warrant denial of leave to amend." *Id.*  (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) and *Block v. First Blood Assocs.*, 988 F.2d 344, 351 (2d Cir. 1993)). It is Defendants' burden to show prejudice.  *See e.g., Nwachukwu v. Liberty Bank*, 257 F. Supp. 3d 280, 285–86 (D. Conn. 2017) ("The party opposing amendment must show it has been prejudiced by its adversary's delay in seeking leave") (citing *Block v. First Blood Assocs.*, 988 F.2d at 350).

The two new counts in the proposed second amended complaint pose no prejudice for the following reasons:

- The delay is 7 months since Defendants' Answer.

- Plaintiff is not seeking any new discovery.

- Plaintiff is not adding any new facts; simply adding additional legal theories arising from the already-pleaded facts.

- Discovery is not yet complete- the Court's Scheduling Order directs Defendants to complete written discovery compliance by April 30, 2018, and the window for discovery does not close until September 26, 2018.

- Depositions have not yet commenced.

- Defendants are already on notice of negligence because Plaintiff included a negligent infliction of emotional distress claim.

Here, where the proposed amendments would not cause any delay in the schedule or cause the defendants to expend additional resources, any delay would not be considered prejudicial. *See e.g., Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir.1987) (surveying cases and holding that a year-and-a-half delay between defendants' answer and motion for leave to file an amended pleading did not constitute undue delay); *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 855-856 (2d Cir. 1981) (three-year delay did not bar

1

amendment where, among other things, motion for summary judgment had yet to be filed); *Middle Atl. Utils. Co. v. S.M.W. Dev. Corp.*, 392 F.2d 380, 383 (2d Cir.1968) (three-year delay did not bar amendment even with notice of trial readiness); *RBC Nice Bearings, Inc. v. Peer Bearing Co.*, No. 3:06CV1380(AHN), 2008 WL 11376620, *6 (D. Conn. Nov. 5, 2008) (granting leave to amend where "new allegations will not require RBC to engage in significant, if any, additional discovery"); *Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384–85 (D. Conn. 2008) (granting leave to amend despite "seven-month delay" where there was no "sharp change in litigation strategy after the non-moving party has devoted considerable time and expense to discovery, motion practice, and other proceedings in preparation for trial…"); *see also See Vega v. Sacred Heart Univ., Inc.*, 836 F. Supp. 2d 58, 61 (D. Conn. 2011) ("if the plaintiff cannot prove negligence he or she cannot recover for negligent infliction of emotional distress") (quoting *Zides v. Quinnipiac Univ.*, No. CV20470131S, 2006 WL 463182, *5 (Conn. Super. Feb. 7, 2006)).

Based on this established law, we ask that you reconsider whether an objection to the two new counts in the proposed Second Amended Complaint on grounds of prejudice would be appropriate. We'd prefer to avoid troubling the court with a contested motion if possible, so if you have any contrary authority that you think supports a claim of prejudice for the proposed amendment, please let us know.

We would like to move forward with the amendment, so please get back to me by Tuesday, April 24.

Thanks,

Felice



**Felice Duffy**
**Duffy Law, LLC**
Federal & State Criminal Defense
College Student Conduct Defense
Title IX Actions

Our office has moved. Please note our new address below.
Our phone number, fax number and email addresses have not changed.

Phone: 203.946.2000
Fax: 203.907.1383
**www.DuffyLawCT.com**
felice@duffylawct.com

**129 Church Street, Suite 310, New Haven, CT 06510**
Click here for Google Map directions

THE INFORMATION CONTAINED IN THIS MESSAGE IS INTENDED ONLY FOR THE PERSONAL AND CONFIDENTIAL USE OF THE DESIGNATED RECIPIENTS NAMED ABOVE. This message may be an attorney-client communication, and as such is privileged and confidential. If the reader of this message is not the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by reply e-mail message or by telephone and delete the original message from your e-mail system and/or computer database.

**EXHIBIT C**

## Doug Varga

| | |
|---|---|
| **From:** | Lynn McCormick <lmccormick@conwaystoughton.com> |
| **Sent:** | Wednesday, April 25, 2018 10:02 AM |
| **To:** | Doug Varga |
| **Cc:** | Jessica Vizvary; Felice Duffy |
| **Subject:** | RE: Doe v. Quinnipiac University; Case No. 3:17-cv-364-JBA - Supplemental Discovery |

Doug,

Please move forward.

Thank you,



**Lynn McCormick**
Conway Stoughton LLC
641 Farmington Avenue, Hartford, CT 06105
p. 860.523.8000, Ext. 323
www.conwaystoughton.com

We have moved! Please note our new address above.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Doug Varga <dvarga@lucasvargalaw.com>
**Sent:** Wednesday, April 25, 2018 6:03 AM
**To:** Lynn McCormick <lmccormick@conwaystoughton.com>
**Cc:** Jessica Vizvary <jvizvary@conwaystoughton.com>; Felice Duffy <Felice@duffylawct.com>
**Subject:** RE: Doe v. Quinnipiac University; Case No. 3:17-cv-364-JBA - Supplemental Discovery

Lynn –

Can you get back to us on this. If you are not inclined to share legal authority with us, just let us know that so we can move forward.

Thanks.

Doug

Douglas J. Varga
Lucas & Varga LLC
2425 Post Road, Suite 200
Southport, CT 06890
Telephone: (203) 227-8400
Facsimile: (203) 227-8402

E-mail: dvarga@lucasvargalaw.com
Website: www.lucasvargalaw.com

**From:** Doug Varga
**Sent:** Monday, April 23, 2018 9:10 PM
**To:** Lynn McCormick <lmccormick@conwaystoughton.com>; Felice Duffy <Felice@duffylawct.com>
**Cc:** Jessica Vizvary <jvizvary@conwaystoughton.com>
**Subject:** Re: Doe v. Quinnipiac University; Case No. 3:17-cv-364-JBA - Supplemental Discovery

Lynn -

If your objection to an amendment is based on a claim of prejudice,  as you stated earlier, please send us authority to support your position.  We'd be happy to consider it as it may allow us to avoid motion practice.

Sent from my Verizon, Samsung Galaxy smartphone

-------- Original message --------
From: Lynn McCormick <lmccormick@conwaystoughton.com>
Date: 4/23/18 7:43 PM (GMT-05:00)
To: Felice Duffy <Felice@duffylawct.com>
Cc: Doug Varga <dvarga@lucasvargalaw.com>, Jessica Vizvary <jvizvary@conwaystoughton.com>
Subject: RE: Doe v. Quinnipiac University; Case No. 3:17-cv-364-JBA - Supplemental Discovery

Felice:

As we discussed last week, Quinnipiac will not consent.  After you file your amended complaint, we will file an objection accordingly.

Thank you,



**Lynn McCormick**
Conway Stoughton LLC
641 Farmington Avenue, Hartford, CT 06105
p. 860.523.8000, Ext. 323
www.conwaystoughton.com

We have moved! Please note our new address above.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

**From:** Felice Duffy <Felice@duffylawct.com>
**Sent:** Monday, April 23, 2018 7:38 PM
**To:** Lynn McCormick <lmccormick@conwaystoughton.com>

**Cc:** Doug Varga <dvarga@lucasvargalaw.com>; Jessica Vizvary <jvizvary@conwaystoughton.com>
**Subject:** Re: Doe v. Quinnipiac University; Case No. 3:17-cv-364-JBA - Supplemental Discovery

Thanks Lynn. Any response about the email we sent regarding the second amended complaint?

--------------------------
Sent via mobile
Felice@DuffyLawCT.com
Office:203-946-2000

On Apr 23, 2018, at 7:36 PM, Lynn McCormick <lmccormick@conwaystoughton.com> wrote:

Felice:

As we discussed last week, please find Title IX files in the Dropbox link below.

https://www.dropbox.com/sh/crj8wf5m8k1uba8/AAD1rIxzD56A99KdxxPztotva?dl=0

Thank you,

<image001.png>

**Lynn McCormick**
Conway Stoughton LLC
641 Farmington Avenue, Hartford, CT 06105
p. 860.523.8000, Ext. 323
www.conwaystoughton.com

We have moved! Please note our new address above.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information or otherwise be protected by law. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

## **CERTIFICATION**

I hereby certify that on June 5, 2018, a copy of the foregoing Reply Memorandum in Further Support of Plaintiff's Motion for Leave to Amend was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


By:    /s/ Douglas J. Varga
       Douglas J. Varga (ct 18885)

10