UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | Case No. 3:17-cv-00364-JBA |
| | ) | |
| v. | ) | |
| | ) | |
| QUINNIPIAC UNIVERSITY, TERRI JOHNSON, SEANN KALAGHER, AND VINCENT CONTRUCCI, | ) ) ) | |
| | ) | |
| Defendants. | ) | July 5, 2018 |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO MOTION TO AMEND SCHEDULING ORDER**

The defendants, Quinnipiac University, Terri Johnson, Seann Kalagher, and Vincent Contrucci, hereby file its reply to the plaintiff's response to the defendants' motion to amend the Scheduling Order, dated June 29, 2018. For the foregoing reasons, the defendants' motion should be granted.

**I.    GOOD CAUSE EXISTS TO WARRANT MODIFICATION OF THE SCHEDULING ORDER**

Despite the plaintiff's assertions to the contrary, good cause exists to warrant modification of the scheduling order to extend the deadline by which to depose fact witnesses in this case. Rule 16 of the Federal Rules of Civil Procedure provides that once a scheduling order is issued, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "[A] finding of good cause depends on the ***diligence*** of the moving party." (Emphasis added; internal quotation marks omitted.) *Parker* v. *Columbia Pictures Industries,* 204 F.3d 326, 340 (2d Cir. 2000).  In addition, the court may also consider "other relevant factors including, in particular, whether allowing the [extension] at this state of the litigation ***will prejudice [the***

*plaintiff]*." *Kassner* v. *2nd Avenue Delicatessen Inc*., 496 F.3d 229 (2d Cir. 2007). "A district court has broad discretion to direct and manage the pretrial discovery process." (Internal quotation marks omitted.) *Wills* v. *Amerada Hess Corp*., 379 F.3d 32, 41 (2d Cir. 2004).

      A.  DESPITE THE DEFENDANTS' DILIGENCE, THE TIME BY WHICH TO DEPOSE FACT WITNESSES COULD NOT HAVE REASONABLY BEEN MET

The plaintiff claims that good cause does not exist to warrant the granting of this motion and, specifically, that the defendants were not diligent. This simply cannot be further from the truth.

As outlined in the defendants' motion for modification of the scheduling order, undersigned counsel has spent countless hours preparing voluminous documents for the plaintiff, as well as attending and preparing for the ***14 depositions that the plaintiff took during the month of June***. Many of these depositions were canceled and rescheduled, further disrupting the dates available to the defendants to take its own depositions. In addition, during the depositions taken by the plaintiff, some of which took over seven hours and/or spanned over the course of two days, additional documents were discovered which necessitated the compiling of supplemental document production. The last deposition the plaintiff took was on June 29, 2018. The defendants effectively spent the entire month responding to the plaintiff's discovery requests.

On June 22, 2018—within the discovery deadline—the defendants issued its deposition notices of the plaintiff and his parents, as well as the plaintiff's investigator.[1] These are the only fact witness depositions that the defendants plan to take. At the time the depositions were noticed, the plaintiff had depositions noticed and scheduled for July. and that the dates selected

---

[1] It is important to note that the investigator was served with a subpoena which may explain why the plaintiff has yet to receive the notice.

worked for the plaintiff.[2] In fact, the plaintiff did not object to the notices nor indicate that the deponents would not be produced. Rather, the plaintiff simply lied in wait until the discovery deadline to tell the defendants that the deponents would not be produced. This is not a case in which the defendants noticed the depositions after the discovery deadline or waited until the last day to schedule the depositions. Rather, the defendants were diligent and acted reasonably. Had the defendants known that the plaintiff was going to fail to produce these witnesses, the defendants could have technically complied with the deadline which would have required scheduling depositions for evenings and weekends but instead noticed them for a few weeks out and were willing to work with the other side on dates.

Courts have not hesitated to find good cause to modify the discovery deadline in similar circumstances. *JB Aviation, LLC* v. *R Aviation Charter Services, LLC*, No. CV-14-5175, 2016 WL 4444794 (E.D.N.Y August 23, 2016) is entirely on point. In *JB Aviation, LLC,* the plaintiff requested an extension of the February 29, 2016 fact witness discovery deadline in order to depose the defendant. The defendants objected to the requested modification claiming that "at no point prior to February 17, 2016 did [Plaintiff's counsel] request proposed dates for [the defendant's] deposition or serve a Notice for [the deposition]. . . . Further . . . the February 17, 2016 Notice set forth a date and location for the [deposition] a full month after the February 29, 2016 deadline set forth in [the Court's] Scheduling Order." See id.

The court found that "[n]otwithstanding counsel's delay in noticing [the defendant's deposition], [d]iscovery is not a matter of gamesmanship nor conducted like a game of chess. . . . Rather, the over-arching purpose of the discovery rules is to encourage the disclosure of

---

[2] Specifically, the plaintiff noticed the depositions of two fact witnesses on Sunday, June 17th for the following Tuesday, June 19th. Given that the deponents did not have reasonable notice and were unavailable, their depositions were scheduled for July 2, 2018. The plaintiff decided to cancel their depositions on June 29, 2018.

information and materials to avoid unnecessary surprise and to level the playing field for both parties to the litigation." (Citations omitted; internal quotation marks omitted.) Id. As such, the court granted the requested modification given that "[the deponent was] a named Defendant and Plaintiffs should have the opportunity to take his deposition. Moreover, the fact that [the deponent] would likely be a primary witness for deposition by the Plaintiffs comes as no surprise to the Defendants. Notwithstanding the misplaced reliance of Plaintiff's counsel on some purported misunderstanding with opposing counsel . . . the Court finds that in order to ensure a level playing field, an extension of the fact deposition deadline should be granted here solely to permit Plaintiffs to conduct [the defendant's deposition]." (Internal quotation marks omitted.); see also *Garza* v. *Webb County, Tex*., 296 F.R.D 511, 513 (S.D. Tex. 2014) (given the parties' schedules and the limited nature of the discovery extension at issue, the court found that good cause existed to modify the discovery deadline so that the defendants could be deposed).

The same is true in this case. Similar to *JB Aviation LLC,* there was an assumed understanding with opposing counsel regarding the depositions, which was not the case. In order to ensure a *level playing field,* the defendants should have the opportunity to take the depositions it noticed, including the deposition of the plaintiff. It is no surprise to the plaintiff that the defendants would like to take his deposition. Not only would he likely be a primary witness at trial—*he is the primary witness at trial*. "Discovery is not a matter of gamesmanship nor conducted like a game of chess." The defendants have been diligent throughout this process and are only requesting an additional few weeks to have the opportunity to complete its discovery. As such, the defendants respectfully request that the court find good cause to modify the scheduling order.

### B. THE PLAINTIFF WILL NOT BE PREJUDICED IF HE IS DEPOSED NINE MONTHS BEFORE THE TRIAL DATE

In the plaintiff's objection, the plaintiff does not claim that he will be prejudiced if the depositions are taken as scheduled. In fact, the plaintiff will not be prejudiced at all if these depositions move forward.

As outlined in the plaintiff's objection, the plaintiff claims that the June 29, 2918 date was selected "in part to provide sufficient time for the preparation of reports by Plaintiff's expert witnesses, which must be submitted on or before July 27, 2018 . . . In light of these deadlines, Plaintiff noticed and completed 14 depositions of Defendants' current and former employees during the month of June 2018." Nowhere does the plaintiff claim that the depositions noticed during July would in any way affect his ability to meet the expert witness deadlines given that the plaintiff has obtained the information he needs for his expert witnesses during the month of June.

In addition, Trial is not scheduled to take place <u>for nine months</u>. Modification of the scheduling order would not prejudice the plaintiff but would <u>substantially prejudice the defendants</u>, especially if they are unable to take the deposition of the plaintiff himself.[3] No deadlines will be affected by the requested modification and the case will stay entirely on track.

## II.     CONCLUSION

For the foregoing reasons, the defendants respectfully request an extension of the fact witness deadline until August 6, 2018. To the extent that the court does not wish to extend the deadline until August 6, 2018, the defendants are available any day during the month of July to take the noticed depositions. In addition, to the extent that the court does not wish to extend the

---

[3] Although the court has not yet ruled on the plaintiff's Motion to Amend the Complaint, the defendants will take the deposition of the Plaintiff assuming that the Motion is granted.

fact witness deadline generally, the defendants request that the court modify the scheduling order for the limited purpose of taking the plaintiff's deposition.

        THE DEFENDANTS,
        QUINNIPIAC UNIVERSITY, TERRI
        JOHNSON, SEANN KALAGHER and
        VINCENT CONTRUCCI

        By: /s/ Jessica L. Vizvary ct30291

        Jessica L. Vizvary
        Fed. Bar. No. ct30291
        Lynn McCormick
        Federal Bar. No.: ct28745
        Conway Stoughton LLC
        641 Farmington Avenue
        Hartford, CT 06105
        Phone: (860) 523-8000
        Fax: (860) 523-8002
        jvizvary@conwaystoughton.com

## **CERTIFICATION**

I hereby certify that on July 5, 2018, a copy of the foregoing Motion to Amend was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

        /s/ Jessica L. Vizvary
        Jessica L. Vizvary, Esq.