UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

Doe,
      *Plaintiff,*

      *v.*                                      Civil No. 3:17cv364 (JBA)

Quinnipiac University, et al,
      *Defendants.*

---

RULING ON MOTION TO AMEND COMPLAINT AND
MOTION TO AMEND SCHEDULING ORDER

By Motion filed May 1, 2018, Plaintiff seeks to amend his Complaint [Doc. # 1], originally filed on March 2, 2017, to add two counts to the already-existing ten counts, related to his claims encompassing gender-based discrimination in violation of Title IX, contractual violations of University policies and practices, tortious inference with contracts, and negligent infliction of emotional distress. (Mot. Amend [Doc. # 54].) These two counts are Count 11 (Negligence) and Count 12 (Reckless and Wanton Misconduct) based on Defendants' alleged failures to safeguard Plaintiff through enforcement of University policies and to train personnel responsible for their administration. He also seeks to add factual allegations to complete his 159 paragraph "General Allegations[,]" to which Defendants have no objection.

Defendants oppose amendment as untimely under the scheduled deadline of September 26, 2017 for amending pleadings, set on August 10, 2017, after the hearing on Plaintiff's Motion

for Preliminary Injunction, which was denied on March 31, 2017, ([Doc. # 26]).

The current final discovery deadline after extension is September 26, 2018. At the time Plaintiff filed his Motion to Amend, deposition discovery has not yet begun but Defendants object to the addition of the two new counts claiming lack of good cause and prejudice from delay. Plaintiff claims, without specificity, that his delay is attributable to voluminous documents produced by Defendants after the pleading amendment cutoff. However, he also represents that the two new counts simply add legal theories to already pled facts, notwithstanding that diligence is usually not found if the proposed amendment is based on information known before the amendment deadline. *See Verdone v. Am. Greenfuels, LLC*, No. 3:16-CV-01271 (VAB), 2017 WL 3668596, at *2 (D. Conn. Aug. 24, 2017) (citation omitted). Defendants lament that Plaintiff's inexcusable lack of diligence in asserting these two counts prejudices them because they have been unable to address these counts in discovery requests served on Plaintiff. However, the factual allegations pled in Plaintiff's Amended Complaint belie Defendants' claim that they have been "forced to litigate this case without knowing the Plaintiff's claims for over one year, (Def.'s Opp'n at 7). Moreover, even if additional time and resources may be needed for additional discovery, Plaintiff's deposition has not yet been taken.

Because this Motion to Amend is almost eight months out of time, Defendants are correct that it should be considered under Fed. R. Civ. P. 16(b), placing on Plaintiff the burden of showing diligence, not Rule 15 as Plaintiff originally asserted. While the Court is to balance the Plaintiff's

vaguely articulated exercise of diligence with the claimed prejudice to Defendants, neither party presents a demonstratively compelling or dispositive showing. However, the Court recognizes the value of having all related issues between parties litigated in one case, and that denying the requested amendment raises an unfortunate prospect of a second complaint containing the two new counts. Because the parties are still heavily engaged in discovery, the viability of these additional counts can still be subjected to discovery and tested on summary judgment, which is not due until October 26, 2018.

If there is any discovery-related prejudice to Defendants because fact discovery recently closed, it can be remedied by extending briefly the schedule for completion of fact discovery to August 6, 2018, as Defendants have separately requested [Doc. # 66] over objection.

Accordingly, Plaintiff's Motion to Amend Complaint is granted. The Second Amended Complaint shall be filed forthwith, with Defendants' Answer to be filed by August 3, 2018. Defendants' Motion to Amend Scheduling Order [Doc. # 66] is granted. The Scheduling Order dated April 18, 2018 [Doc. # 52] will be amended as to ¶ 2, extending the time for fact witness depositions which were noticed within the June 21, 2018 deadline, but not taken, to August 6, 2018.

Inasmuch as the Court is granting these motions with reluctance because the case management purposes of Rule 16 are thereby undermined, counsel are admonished to seek no further enlargement of fact discovery or pleading deadlines.

IT IS SO ORDERED.

/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut:    July 17, 2018