## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE | |
| Plaintiff, | : Civil Action No.: 3:17-CV-00364-JBA |
| V. | |
| QUINNIPIAC UNIVERSITY, TERRI JOHNSON, SEANN KALAGHER, AND VINCENT CONTRUCCI | |
| Defendants | : August 3, 2018 |

## ANSWER TO SECOND AMENDED COMPLAINT
## AND AFFIRMATIVE DEFENSES

1. As to the allegations of Paragraph 1, the Defendants are without sufficient

   knowledge or information upon which to form a belief, and therefore leave the

   Plaintiff to its proof.

## THE PARTIES

2. Paragraph 2 is admitted.

3. Paragraph 3 is admitted.

4. Paragraph 4 is admitted.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

## JURISDICTION AND VENUE

7. As to the allegations of Paragraph 7, the Defendants are without sufficient

   knowledge or information upon which to form a belief, and therefore leave the

Plaintiff to its proof.

8. As to the allegations of Paragraph 8, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

9. As to the allegations of Paragraph 9, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

10. As to the allegations of Paragraph 10, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

## GENERAL ALLEGATIONS

11. As to the allegations of Paragraph 11, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. Title IX speaks for itself.

12. As to the allegations of Paragraph 12, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The Regulations speak for themselves.

13. As to the allegations of Paragraph 13, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The Regulations speak for themselves.

14. As to the allegations of Paragraph 14, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The OCR Publications speak for themselves.

## QU's Contractual Obligations Under its Publications

15. As to the allegations of Paragraph 15, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The QU Publications speak for themselves.

16. As to the allegations of Paragraph 16, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The Title IX Policy speaks for itself.

17. As to the allegations of Paragraph 17, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The Title IX Policy speaks for itself.

18. As to the allegations of Paragraph 18, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The Title IX Policy speaks for itself.

19. As to the allegations of Paragraph 19, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The ADA Policy and QU Publications speak for themselves.

## FACTUAL ALLEGATIONS

### The Context of Collegiate Investigations for Sexual Misconduct

20. As to the allegations of Paragraph 20, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The Dear Colleague letter speaks for itself.

3

21. As to the allegations of Paragraph 21, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The Dear Colleague letter speaks for itself.

22. As to the allegations of Paragraph 22, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. QU's Policy speaks for itself.

23. Denied.

24. Denied.

25. Paragraph 25 is admitted.

26. As to the allegations of Paragraph 26, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. Public Act 14-11 speaks for itself.

27. As to the allegations of Paragraph 27, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

32. Paragraph 32 is denied.

33. Paragraph 33 is denied.

34. Paragraph 34 is denied.

35. Paragraph 35 is denied.

4

36. Paragraph 36 is denied.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is admitted in that "In 2015, John Doe was assaulted by another male student and punched in the face. The student later assaulted John Doe again." The remainder of the paragraph is denied.

42. Paragraph 42 is denied.

## The Student Relationships

43. Paragraph 43 is admitted in that "the charges against John Doe in QU's underlying investigation arise from two relationships in which John Doe was involved as a student at QU: one with Jane Roe 2 from about May 2014 and continuing about January 2015, and another with Jane Roe beginning in January 2015 and continuing through June 2016." The remainder of Paragraph 43 is denied.

44. Paragraph 44 is admitted in that "Jane Roe was John Doe's girlfriend through the very early days of January 2015. Although they were in the same sorority system, Jane Roe 2 and Jane Roe did not know each other before John Doe dated Jane Roe. John Doe broke up with Jane Roe 2 and started dating Jane Roe in early January 2015." The remainder of Paragraph 44 is denied.

45. Paragraph 45 is admitted.

46. Paragraph 46 is denied.

47. Paragraph 47 is denied.

5

48. As to the allegations of Paragraph 48, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

## The Flawed Investigation

49. Paragraph 49 is denied in that "Then, rather than interviewing John Doe to get his side of the events and to be better prepared to investigate objectively, the investigators over a two-month period interviewed 14 witnesses, whose names were provided by the complainants." Paragraph 49 is admitted in that "The QU investigators, Defendant Vincent Contrucci and Audrey Heins, first interviewed Jane Roe at length." and "Jane Roe brought Jane Roe 2 into the investigation as a witness. Jane Roe spoke to Jane Roe 2 about this investigation before Jane Roe 2 was interviewed." As to the remaining allegations, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

50. Paragraph 50 is denied.

51. As to the allegations of Paragraph 51, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

52. Paragraph 52 is admitted.

53. Admitted. The interviews were conducted under standard QU practices.

54. Paragraph 54 is admitted in that "When John Doe was interviewed on August 23, 2016, he was asked questions about details of events spanning a two-year period." As to the portion of the paragraph that states "The allegations were very difficult to

6

hear and John Doe did his best to remember dates and times. He answered the questions as best as he could recall," the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The remainder of Paragraph 54 is denied.

55. Paragraph 55 is admitted in that "John Doe also informed the investigators that Jane Roe's friend had been contacting him indirectly through his friends and harassing him about the ongoing investigation." The remainder of the paragraph is denied.

56. As to the allegations of Paragraph 56, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to his proof.

57. Paragraph 57 is denied.

58. As to the portion of Paragraph 58 that states "John Doe was shocked when they gave him a copy of their investigation report ("Report") and their recommendations," the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The remainder of Paragraph 58 is admitted.

59. Paragraph 59 is admitted in that "the investigators gave John Doe three days to digest the lengthy report and let them know if he accepted responsibility." As to the remainder of the Paragraph, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leaves the Plaintiff to its proof.

60. As to the portion of Paragraph 60 that states "because of his challenges with

7

ADHD and anxiety, John Doe is very sensitive, has difficulty staying focused and
paying attention to detail, and gets frustrated, particularly under pressure," the
Defendants are without sufficient knowledge or information upon which to form a
belief, and therefore leaves the Plaintiff to its proof. The remainder of Paragraph
60 is admitted.

61. As to the portion of Paragraph 61 that states "and despite his preference to keep
    his disabilities confidential," the Defendants are without sufficient knowledge or
    information upon which to form a belief, and therefore leaves the Plaintiff to his
    proof. The remainder of Paragraph 61 is admitted.

62. As to the portion of Paragraph 62 that states "This was extremely stressful for
    John Doe, who then met with Matthew Cooper, QU Director, Office of Student
    Accessibility, and spoke with his therapist to seek an assistance in getting an
    extension," the Defendants are without sufficient knowledge or
    information upon which to form a belief, and therefore leaves the Plaintiff to his
    proof. The remainder of Paragraph 62 is denied.

63. Paragraph 63 is admitted in that "on November 11, 2016, John Doe informed the
    investigators that he accepted responsibility for property damage for breaking a
    glass door, but did not accept responsibility for the other four charges." As to the
    remainder of Paragraph 63, the Defendants are without sufficient knowledge or
    information upon which to form a belief, and therefore leaves the Plaintiff to his
    proof.

64. Paragraph 64 is denied.

8

65. As to the allegations of Paragraph 65, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

66. Paragraph 66 is denied in that "on Friday, January 13, 2017, the week before John Doe's response was due, he received an email from Defendant Kalagher that set a hearing date for January 23, the Monday classes began—and the exact day that Mr. Cooper said would be very problematic for John Doe." As to the remainder of Paragraph 66, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leaves the Plaintiff to its proof.

67. Paragraph 67 is admitted.

68. Paragraph 68 is admitted in that "on January 20, 2017, John Doe submitted a 20-page response, with new evidence attached, ("Response") consisting mainly of numerous texts and voicemails. (See Exhibit 2 attached and made part of the Amended Complaint, see 3:17cv364, Docket No. 12 and incorporated herein by reference." The remainder of Paragraph 68 is denied.

69. Paragraph 69 is admitted. The medical information was voluntarily disclosed by the plaintiff.

70. Paragraph 70 is denied as to "recreate." The reminder of Paragraph 70 is admitted.

## The Request for Review of the Flawed Investigation

71. As to the allegations of Paragraph 71, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The letter speaks for itself.

72. As to the allegations of Paragraph 72, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The letter speaks for itself.

73. Paragraph 73 is denied.

74. Paragraph 74 is denied.

75. Paragraph 75 is denied.

76. As to the allegations of Paragraph 76, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The letter speaks for itself.

77. As to the allegations of Paragraph 77, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The letter speaks for itself.

78. Paragraph 78 is admitted. QU continued the Hearing at Plaintiff's request.

79. Paragraph 79 is admitted.

80. Paragraph 80 is denied.

81. Paragraph 81 is admitted in that "on February 22, 2017, QU Public Safety Officer Karoline Keith interviewed John Doe regarding these last two claims of violation of the NCO." The remainder of Paragraph 81 is denied.

82. Paragraph 82 is admitted.

10

83. Paragraph 83 is denied in that "Ms. Buda was involved in prior investigation concerning the student who assaulted John Doe." The remainder of the paragraph is admitted.

84. As to the allegations of Paragraph 84, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. Defendant's response speaks for itself.

85. As to the allegations of Paragraph 85, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. Plaintiff's response speaks for itself.

86. As to the allegations of Paragraph 86, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The email speaks for itself.

87. Paragraph 87 is admitted.

88. As to the allegations of Paragraph 88, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

89. Paragraph 89 is admitted.

90. Paragraph 90 is admitted.

## Hearing Preparation

91. Paragraph 91 is admitted.

92. Paragraph 92 is admitted.

93. Paragraph 93 is admitted.

94. Paragraph 94 is admitted.

11

95. Paragraph 95 is admitted.

96. As to the allegations of Paragraph 96, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The email speaks for itself.

97. Paragraph 97 is denied in that "showing her involvement in the prior investigation." The remainder of Paragraph 97 is admitted.

98. Paragraph 98 is admitted.

99. Paragraph 99 is admitted.

100. Paragraph 100 is admitted in that "John Doe requested that Defendant Kalagher share the confidential information with the Committee knowing it would be shared with the complainants." As to the remaining allegations of Paragraph 100, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

## The Flawed Hearing

101. Paragraph 101 is admitted.

102. Paragraph 102 is admitted.

103. Paragraph 103 is denied.

104. Paragraph 104 is denied in that "by defending himself". As to the remaining allegations of Paragraph 104, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The summary speaks for itself.

105. Paragraph 105 is denied.

12

106. Paragraph 106 is admitted in that "Defendant Contrucci stopped by to ask whether John Doe had any questions". Paragraph 106 is denied in that "he said that the Committee should have no questions of Defendant Contrucci since they rely primarily on the Revised Report." As to the remaining allegations of Paragraph 106, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

107. Paragraph 107 is denied.

108. Paragraph 108 is admitted in that "when asked about her response to the text messages John Doe had provided in his Response and if she felt any were missing, Jane Roe advised that she had not reviewed them. Jane Roe was crying and emotional." The remainder of Paragraph 108 is denied.

109. Paragraph 109 is admitted in that "no witnesses were interviewed by the Committee." The remainder of Paragraph 109 is denied.

110. Paragraph 110 is admitted.

111. Paragraph 111 is admitted.

112. Paragraph 112 is admitted in that "John Doe requested a short break to gather himself before reading his impact statement. Minutes later, John Doe read his impact statement to the Committee. After that, Jane Roe gave her impact statement." It is also admitted that "Jane Roe was very emotional and was sobbing and, upon information and belief, among other things, told the Committee that she was upset because of how long the investigation had taken". The portion of Paragraph 112 that states that "she was mostly upset" and "how it had been poorly handled by Defendant Kalagher" is denied. As to the remaining

13

allegations of Paragraph 112, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

113. Paragraph 113 is denied.

114. Paragraph 114 is denied.

115. Paragraph 115 is admitted.

116. Paragraph 116 is denied in that "well beyond the 24-hour period required by the Title IX Policy." The remainder of Paragraph 116 is admitted.

117. Paragraph 117 is denied.

## The Flawed Appeal

118. Paragraph 118 is admitted in that "Defendant Kalagher advised that after receipt of John Doe's appeal on May 9, 2017, the complainants would have several business days to respond; after the materials are received, the appeals officer will have up to a business week to decide whether those materials require further review by the panel; an appeal panel may take up to a business week or more to decide, in total approximately 13 business days to complete the appeal process; and that once the appeal officer is decided the officer would be in touch with more specific information on a timetable." As to the remaining allegations of Paragraph 118, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

119. Paragraph 119 is admitted in that "On May 9, 2017, John Doe timely filed his appeal, requesting that defendant Johnson be recused from reviewing it as a threshold matter." The remainder of Paragraph 119 is denied.

14

120. Paragraph 120 is admitted.

121. Paragraph 121 is denied in that "in our initial meeting with Defendant Contrucci we had requested it and he indicated he would email the letter, but he did not supply it." The remainder of Paragraph 121 is admitted.

122. As to the allegations of Paragraph 122, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The plaintiff's appeal speaks for itself.

123. Paragraph 123 is admitted in that "on May 15, 2017, Defendant Contrucci filed a response to the appeal. In that response, among other things, Defendant Contrucci admitted that he had not been accurate when he told the Hearing Committee that John Doe had not sent the Cease and Desist Letter to him, and explained that he had received the email John Doe had sent to him on August 23, 2016, but "during the course of creating the report it was unfortunately overlooked." Defendant Contrucci concluded there was no effect on John Doe because John Doe had included the Cease and Desist Letter in his Response, which had been provided to the Committee". The remainder of Paragraph 123 is denied.

124. Paragraph 124 is admitted.

125. Paragraph 125 is admitted.

126. Paragraph 126 is admitted.

127. Paragraph 127 is admitted.

## The 2017 Flawed Formal Investigation

128. Paragraph 128 is admitted.

129. Paragraph 129 is admitted in that "QU denied John Doe's request that both Jane Roe and Jane Roe 2's 2016 complaints and investigation and his 2017 complaint against them…be heard by the same Hearing Committee at the same time." The remainder of Paragraph 129 is denied.

130. Paragraph 130 is admitted in that "QU informed John Doe that QU could not bring a complaint against Jane Roe 2 because she no longer was a QU student." The remainder of Paragraph 130 is denied.

131. Paragraph 131 is admitted.

132. Paragraph 132 is admitted.

133. Paragraph 133 is admitted.

134. Paragraph 134 is admitted.

135. Paragraph 135 is admitted.

136. Paragraph 136 is admitted. The plaintiff was also offered the dates of May 8 or 12, 2017.

137. Paragraph 137 is admitted.

138. Paragraph 138 is denied.

139. Paragraph 139 is admitted.

140. Paragraph 140 is admitted. John Doe's mother was not available on the prior dates available.

141. Paragraph 141 is admitted in that "on May 12, 2017, Keith interviewed John Doe's mother and then John Doe's father over the phone." The remainder of

16

paragraph 141 is denied.

142. Paragraph 142 is admitted.

143. Paragraph 143 is admitted in that "on May 12, 2017, shortly after finishing her interviews with John Doe's parents, Keith and Carney emailed John Doe" and "wanted to schedule a time to meet and discuss it." The remainder of the paragraph is denied.

144. Paragraph 144 is denied as to the "investigators." The remainder of the paragraph is admitted.

145. Paragraph 145 is denied.

146. Paragraph 146 is denied.

147. Paragraph 147 is denied.

148. Paragraph 148 is denied.

149. Paragraph 149 is admitted.

150. Paragraph 150 is admitted.

## The Sanctions

151. Paragraph 151 is admitted in that "QU maintains John Doe's disciplinary record, including the findings of responsibility for each charge against each complainant, for seven years." As to the remaining allegations of Paragraph 151, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof.

152. Paragraph 152 is admitted.

153. As to the allegations of Paragraph 153, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the

17

Plaintiff to its proof. The request for reconsideration speaks for itself.

154. As to the allegations of Paragraph 154, the Defendants are without sufficient knowledge or information upon which to form a belief, and therefore leave the Plaintiff to its proof. The writing speaks for itself.

155.- Blank.

156. Paragraph 156 is admitted.

157. Paragraph 157 is admitted with clarification. The offer of a summer internship was from July 10 – 21, 2017.

158. Paragraph 158 is admitted in that "on May 11, 2017, Defendant Johnson emailed approval for two weeks from July 10 through July 21 in the School of Business with the stipulation that he not be in any other building on campus reasoning that the internship was extended while John Doe was completing his degree" and "is directly related to his academic learning and education" and 'she considered John Doe's 'participation in this internship as completing his academic learning rather than participating in an extracurricular activity.' John Doe immediately emailed back and informed Defendant Johnson that there were other dates in June and July and asked that he be permitted to attend the other weeks. Defendant Johnson denied John Doe's request." It is also admitted that "John Doe let Defendant Johnson know that he was attempting to obtain more Information and that he would have more limited dates for the internship and asked if that would be approved since these weeks would fit under the same rationale for approving the other two weeks. John Doe said that if Jane Roe was in proximity he would abide by any restrictions as he had done since August

2016 and asked her to reconsider and if not asked for an explanation so he could understand so he could make plans with respect to this internship and future employment. Two days later, John Doe sent information he had received about the needs of the Professor for the internship and requested an additional ten days in addition to the dates previously approved. Three days later, John Doe asked again about the extra ten days as they began the following week and the Professor was waiting to hear back from him. Defendant Johnson denied his request." It is also admitted that "because John Doe was needed more during the ten other days, he asked Defendant Johnson if he could switch the ten days for the two-weeks previously approved. Defendant Johnson denied that request. The remaining allegations of Paragraph 158 are denied.

## Jane Roe's NCO Violation of September 2016

159. Paragraph 159 is denied in that "John Doe never heard back about that investigation." The remainder of Paragraph 159 is admitted.

## Jane Roe's NCO Violation of February 17, 2017

160. Paragraph 160 is admitted.

161. Paragraph 161 is admitted.

162. Paragraph 162 is denied in that "despite the fact that there was an audio recording of one of Jane Roe's friend that was in direct contradiction of what that friend and Jane Roe had told Keith which raised credibility issues for each of them." The remainder of Paragraph 162 is admitted.

163. Paragraph 163 is denied.

164. Paragraph 164 is denied.

165. Paragraph 165 is admitted.

## Jane Roe's NCO Violation of April 7, 2017

166. Paragraph 166 is admitted.

167. Paragraph 167 is admitted.

168. Paragraph 168 is admitted.

169. Paragraph 169 is denied in that "Keith failed to interview any of Jane Roe's friend
     or check any social media or phone logs to corroborate Jane Roe's story." The
     remainder of Paragraph 169 is admitted.

170. Paragraph 170 is denied.

## CLAIMS FOR RELIEF

## COUNT ONE – TITLE IX (ERRONEOUS OUTCOME) (QU)

171. The Defendants hereby repeat and incorporate by reference the responses to
     Paragraphs 1-170 above as their responses to Paragraphs 1-170 of the
     First Count.

172. Paragraph 172 is denied.

173. Paragraph 173 is denied.

174. Paragraph 174 is denied.

175. Paragraph 175 is denied.

176. Paragraph 176 is denied.

177. Paragraph 177 is denied.

178. Paragraph 178 is denied.

179. Paragraph 179 is denied.

180. Paragraph 180 is denied.

181. Paragraph 181 is denied.

182. Paragraph 182 is denied.

183. Paragraph 183 is denied.

184. Paragraph 184 is denied.

## COUNT TWO – TITLE IX (SELECTIVE ENFORCEMENT) (QU)

185. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-184 above as their responses to Paragraphs 1-184 of the

Second Count.

186. Paragraph 186 is denied.

187. Paragraph 187 is denied.

188. Paragraph 188 is denied.

189. Paragraph 189 is denied.

190. Paragraph 190 is denied.

191. Paragraph 191 is denied.

## COUNT THREE – TITLE IX (DELIBERATE INDIFFERENCE) (QU)

192. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-191 above as their responses to Paragraphs 1-191 of the

Third Count.

193. Paragraph 193 is denied.

194. Paragraph 194 is denied.

195. Paragraph 195 is denied.

196. Paragraph 196 is denied.

197. Paragraph 197 is denied.

## COUNT FOUR – BREACH OF CONTRACT (QU)

198. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-197 above as their responses to Paragraphs 1-197 of the

Fourth Count.

199. Paragraph 199 is admitted.

200. Paragraph 200 is denied.

201. Paragraph 201 is denied.

202. Paragraph 202 is denied.

203. As to the allegations of Paragraph 203, the Defendants are without sufficient

knowledge or information upon which to form a belief, and therefore leave the

Plaintiff to its proof.

204. Paragraph 204 is denied.

## COUNT FIVE – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING (QU)

205. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-204 above as their responses to Paragraphs 1-204 of the

Fifth Count.

206. Paragraph 206 is denied.

207. Paragraph 207 is denied.

208. Paragraph 208 is denied.

209. Paragraph 209 is denied.

## COUNT SIX – TORTIOUS INTERFERENCE WITH CONTRACT (DEFENDANT JOHNSON)

22

210. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-209 above as their responses to Paragraphs 1-209 of the

Sixth Count.

211. Paragraph 211 is denied.

212. Paragraph 212 is denied.

213. Paragraph 213 is denied.

214. Paragraph 214 is denied.

215. Paragraph 215 is denied.

## COUNT SEVEN – TORTIOUS INTERFERENCE WITH CONTRACT (DEFENDANT KALAGHER)

216. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-215 above as their responses to Paragraphs 1-215 of the

Seventh Count.

217. Paragraph 217 is denied.

218. Paragraph 218 is denied.

219. Paragraph 219 is denied.

220. Paragraph 220 is denied.

221. Paragraph 221 is denied.

## COUNT EIGHT – TORTIOUS INTERFERENCE WITH CONTRACT (DEFENDANT CONTRUCCI)

222. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-221 above as their responses to Paragraphs 1-221 of the

Eighth Count.

223. Paragraph 223 is denied.

23

224. Paragraph 224 is denied.

225. Paragraph 225 is denied.

226. Paragraph 226 is denied.

227. Paragraph 227 is denied.

## COUNT NINE – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (ALL DEFENDANTS)

228. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-227 above as their responses to Paragraphs 1-227 of the

Ninth Count.

229. Paragraph 229 is denied.

230. Paragraph 230 is denied.

231. Paragraph 231 is denied.

232. Paragraph 232 is denied.

## COUNT TEN – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (ALL DEFENDANTS)

233. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-232 above as their responses to Paragraphs 1-232 of the

Tenth Count.

234. Paragraph 234 is denied.

235. Paragraph 235 is denied.

236. Paragraph 236 is denied.

## COUNT ELEVEN – NEGLIGENCE (ALL DEFENDANTS)

237. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-236 above as their responses to Paragraphs 1-236 of the Eleventh

Count.

238. Paragraph 238 is denied.

239. Paragraph 239 is denied.

240. Paragraph 240 is denied.

241. Paragraph 241 is denied.

242. Paragraph 242 is denied.

243. Paragraph 243 is denied.

244. Paragraph 244 is denied.

245. Paragraph 245 is denied.

246. Paragraph 246 is denied.

247. Paragraph 247 is denied.

248. Paragraph 248 is denied.

249. Paragraph 249 is denied.

250. Paragraph 250 is denied.

## COUNT TWELVE – RECKLESS AND WANTON MISCONDUCT
## (ALL DEFENDANTS)

251. The Defendants hereby repeat and incorporate by reference the responses to

Paragraphs 1-250 above as their responses to Paragraphs 1-250 of the Twelfth

Count.

252. Paragraph 252 is denied.

253. Paragraph 253 is denied.

25

254. Paragraph 254 is denied.

255. Paragraph 255 is denied.

256. Paragraph 256 is denied.

257. Paragraph 257 is denied.

## AFFIRMATIVE DEFENSES AS TO ALL COUNTS

### FIRST AFFIRMATIVE DEFENSE

The Defendants state the Plaintiff has failed to state a claim upon which relief can be granted because the Plaintiff cannot establish any or all of the elements to support this claim and, therefore, the Complaint should be dismissed.

### SECOND AFFIRMATIVE DEFENSE

The Plaintiff's damages, if any, were caused in whole, or in part, by his own conduct and not conduct on the part of the Defendants.

### THIRD AFFIRMATIVE DEFENSE

The Defendants actions were justified by legitimate, non-discriminatory reasons.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants have proper policies and procedures in place to prevent and remedy claims of discrimination and actively enforces such policies and procedures.

### FIFTH AFFIRMATIVE DEFENSE

If the Plaintiff suffered damages from the Defendants alleged conduct, then said damages were caused by the Plaintiff's failure to take reasonable efforts to mitigate or avoid his damages and, therefore, is not entitled to recovery from the Defendants.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants acted in good faith at all times in its dealings with the Plaintiff and did

not engage in willful, wanton, malicious, or reckless conduct so as to justify an award of

punitive damages.

## SEVENTH AFFIRMATIVE DEFENSE

The Defendants did not act or reply upon any impermissible factors or unlawful criteria

in any decisions concerning the Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants had reasonable grounds for believing its actions with respect to the

Plaintiff were not in violation of any law, rule, regulation, or guideline.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff lacks standing to pursue his claims because he cannot establish a

cognizable injury.

                                        THE DEFENDANTS,
                                        QUINNIPIAC UNIVERSITY, TERRI
                                        JOHNSON, SEANN KALAGHER and
                                        VINCENT CONTRUCCI

                                        By: /s/ Matthew G. Conway ct09612

                                        Matthew G. Conway
                                        Fed. Bar. No. ct09612
                                        Lynn McCormick
                                        Federal Bar. No.: ct28745
                                        Conway Stoughton LLC
                                        643 Prospect Avenue
                                        West Hartford, CT 06105
                                        Phone: (860) 523-8000
                                        Fax: (860) 523-8002
                                        mconway@conwaystoughton.com

## CERTIFICATION

I hereby certify that on August 3, 2018, a copy of the foregoing Answer to Second Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/ **Matthew G. Conway ct09612**

Matthew G. Conway
Fed. Bar. No. ct09612
Lynn McCormick
Federal Bar. No.: ct28745
Conway Stoughton LLC
643 Prospect Avenue
West Hartford, CT 06105
Phone: (860) 523-8000
Fax: (860) 523-8002
E-Mail: mconway@conwaystoughton.com