UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN DOE, | ) | Civil Action |
| | ) | |
| Plaintiff, | ) | Case No. 3:17-cv-00364-JBA |
| | ) | |
| v. | ) | |
| | ) | |
| QUINNIPIAC UNIVERSITY, TERRI JOHNSON, SEANN KALAGHER, AND VINCENT CONTRUCCI, | ) ) ) | |
| | ) | |
| Defendants. | ) | May 9, 2019 |

### REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL EVIDENCE IN RESPONSE TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff John Doe files this reply to Defendants' Objection to Plaintiff's Motion for Leave to File Exhibit 130a to Supplement the Record. Doc. #148.

Plaintiff filed a motion for leave to file a declaration to clarify the Court's question during oral argument regarding the existence of evidence to show that Jane Roe's and Jane Roe 2's sexual harassment denied Doe educational opportunities or benefits. Doc. #147. Defendants assert that permitting Plaintiff to file Exhibit 130a would delay the matter and deprive Defendants of their opportunity to respond to supplemental evidence and therefore be unduly prejudicial. Defendants did not depose Plaintiff on this issue. Plaintiff's declaration is limited to six paragraphs of facts and satisfies Rule 56(c) requirements. See, e.g., Fed. R. Civ. Pro. 56(c)(4) (declaration must be made on personal knowledge, set out facts that would be admissible, and show that declarant is competent to testify on the matters).

Any prejudice to Defendants can be avoided by permitting them to file a response to the facts raised in Plaintiff's declaration. Due to the limited nature of the declaration, any

delay caused by Defendants' reply would be mitigated by increasing judicial efficiency by assisting the Court with this issue. Plaintiff would testify at trial to the above and, as such, it would be fair for the Court to consider this evidence at this posture.

Granting Plaintiff's motion for leave to file supplemental evidence is consistent with the criteria for granting a motion to reconsider summary judgment. See, e.g., Jackson v. Goord, 664 F. Supp. 2d 307, 314 (S.D.N.Y. 2009) (explaining "district courts have wide discretion to allow . . . supplemental filings" for summary judgment.); Hill v. Rayboy–Brauestein, 2008 WL 231439, at *2–3 (S.D.N.Y. Jan. 24, 2008) (explaining "[t]here can be no doubt that district courts have authority to permit parties to file supplemental summary judgment motions;" and granting defendants' motion to supplement summary judgment motion with a declaration, reasoning in part that the facts set forth in the Declaration were not new and cannot be fairly said to have surprised the Plaintiff, id. at *4); Fed. R. Civ. Proc. 56(e) (court may give party opportunity to properly support or address a fact issue any other appropriate order).

WHEREFORE, Plaintiff respectfully requests that this Court grant his motion for leave to file supplemental Exhibit 130a in response to Defendant's Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment as set forth above.

        PLAINTIFF
        JOHN DOE

By:   /s/ Felice M. Duffy
      Felice M. Duffy (ct21379)
      Duffy Law, LLC
      129 Church Street, Suite 310
      New Haven, CT 06510
      Phone: (203) 946-2000
      Fax: (203) 907-1383

felice@duffylawct.com

Douglas J. Varga (ct18885)
Lucas & Varga LLC
2425 Post Road, Suite 200
Southport, CT 06890
Phone: (203) 227-8400
Fax: (203) 227-8402
dvarga@lucasvargalaw.com

His Attorneys

## **CERTIFICATION**

    I hereby certify that on May 9, 2019 a copy of the foregoing motion was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

By:   /s/ *Felice M. Duffy*
       Felice M. Duffy