UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN DOE,<br><br>*Plaintiff*,<br><br>v.<br><br>QUINNIPIAC UNIVERSITY, TERRI JOHNSON, SEANN KALAGHER, AND VINCENT CONTRUCCI,<br><br>*Defendants*. | Civil No. 3:17-cv-364 (JBA)<br><br>June 17, 2019 |

**RULING ON MOTIONS TO SEAL**

Defendants and Plaintiff separately move [Doc. ## 80, 125] to seal exhibits filed in support of and in opposition to Defendants' Motion for Summary Judgment. Defendants argue that sealing these exhibits is necessary to protect the identity of Plaintiff, whom the Court granted leave to proceed pseudonymously [Doc. # 27], and to protect the identities of "several students who were involved in the disciplinary hearing at issue, including the person who was found to be the victim of a sexual assault." ([Doc. # 80].) Defendants and Plaintiff both contend that the exhibits sought to be sealed contain information that is protected from disclosure under the Federal Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232g. Plaintiff also argues that he "suffers from certain disabling conditions which are also referenced in the materials contained in the exhibits" and that "[t]hese materials include records from his treating psychiatrist, which are protected under HIPAA." (Mem. Law Supp. Mot. Seal [Doc. # 126] at 2.)

"[I]t is well established that the public and the press have a qualified First Amendment right to ... access certain judicial documents." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120, 126 (2d Cir. 2006). A party resisting disclosure must show "that sealing is necessary to preserve higher values," *id.* at 124, including "privacy interests," *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995). If granted, the court must make "specific, on-the record findings" and issue a sealing order that is "narrowly tailored," *Lugosch*, 435 F.3d at 124. "In determining the weight to be accorded an assertion of a right to privacy," the Second Circuit has directed district courts to "first consider the degree to which the subject matter is traditionally considered private rather than public." *Amodeo*, 71 F.3d at 1051. This District's Local Rules also provide that "[a] statute mandating or permitting nondisclosure of a class of documents (e.g., personnel files, health care records, or records of administrative proceedings) provides sufficient authority to support an order sealing such documents." D. Conn. L. Civ. R. 5(e)3.

FERPA provides that "[n]o [federal] funds shall be made available . . . to any educational agency or institution which has a policy or practice of permitting the release of education records (or personally identifiable information contained therein other than directory information . . . of students without the written consent of their parents to any individual, agency, or organization," except in the case of certain enumerated exceptions. 20 U.S.C. § 1232g(b)(1). "Education records" under FERPA are defined as "records, files, documents and other materials" that "(i) contain information directly related to a student," and "(ii) are maintained by an educational agency or institution or by a person acting for such agency or institution." *Id.* § 1232g(a)(4)(A).

Defendants, however, seek to seal their summary judgment record in its entirety, notwithstanding the fact that the very first exhibit, QU's Title IX Policy, does not appear to contain any "education records" as defined by FERPA, or indeed any other sensitive information. The

2

Court takes judicial notice of the fact that QU provides public access on its website to other versions of the Title IX policy, as a factor demonstrating that sealing this exhibit would mean an overly broad sealing order. *See* QU Title IX Policy, available at https://catalog.qu.edu/university-policies/titleix-policy/, last visited June 11, 2019; Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") Similarly, Exhibit B, QU's Guidelines and Procedures for Students with Disabilities does not contain any education records or other sensitive information. Likewise, Exhibit C, QU's 2015-2016 Student Handbook, is clearly not subject to sealing.

Plaintiff more selectively requests sealing of his Exhibits 1-13, 15-49, 51-60, 62-63, 81-83, 85-87, 89-90, 92-100, 102-118, 120-121, 125-127, 131-137 and 139-141. However, while the Court agrees with both parties that some of the exhibits relied upon by both parties contain information protected by FERPA or that is otherwise subject to sealing, both parties fail to explain why the information at issue in the exhibits sought to be sealed could not be protected by a more narrowly tailored set of redactions. Defendants further fail to differentiate among which exhibits in their record merit, sealing, redaction, or no sealing whatsoever. The parties also offer no recognition of the impact of using these documents at a trial (if there were to be one), where the documents would not be sealed.

For all of the foregoing reasons, the Court denies both Motions to Seal without prejudice to renewal with motions that explain (a) which exhibits must be sealed in their entirety and (b) which exhibits can be publicly filed in redacted form, with proposed redactions provided.

IT IS SO ORDERED.

/s/
_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 17th day of June 2019.